CUSUMANO, PLAINTIFF-APPELLANT, *v.* BEVERAGES, INC., DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26807. Decided May 28, 1964.

*Mr. Michael Shane,* for plaintiff-appellant.

*Messrs. McNeal & Schick, Mr. Robert G. Quandt,* of counsel, for defendant-appellee.

*Per Curiam.* Judgment reversed as contrary to law in directing a judgment for the defendant at the end of presentation of plaintiff's case.

A careful reading of the bill of exceptions discloses sufficient credible evidence to require the issues presented by the pleadings and the evidence to be submitted to the jury. The delivery of seven cases of Pepsi Cola, including the bottles cased in a wooden box, which was the property of the defendant, the bottom of which fell out when taken from the top of the other six boxes as and from the place where delivered by the defendant for the use of the plaintiff and taken for use by the plaintiff in the manner in which it was intended to be used and where it is alleged that the defendant negligently furnished said box in a defective and dangerous condition, makes out a case of negligence or breach of warranty.

In the case of *Sicard* v. *Distributing Co.*, 133 Ohio St., 291, at page 294, the court said:

"In the sale of an article, the seller owes a duty beyond the mere contract. Not only must the goods be according to contract, but if used according to directions they must not carry harm to the buyer."

The same duty is imposed on a bailor. The doctrine of res ipsa loquitur is clearly applicable. Under the circumstances, this action sounds in either breach of implied warranty or negligence and any objections or claimed insufficiency of the statement of the case should have been challenged by motion.

Cause remanded for further proceedings according to law.

SKEEL, C. J., ARTL and CORRIGAN, JJ., concur.